UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE CLAIRE VANDERBERG,

    Plaintiff,

vs.

CITY OF FRANKFORT, FRANKFORT POLICE
CHIEF KEITH REDDER, and FRANKFORT
POLICE OFFICER JASON WOLFE, individually
and officially,

    Defendants.

Case No: 1:11-cv-810

HON. PAUL L. MALONEY

---

| | |
|---|---|
| JESSE L. WILLIAMS (P69264)<br>JAMES W. AMBERG (P68564)<br>AMBERG, AMBERG & WILLIAMS NORTH, PLLC<br>Attorneys for Plaintiff<br>161 East Front Street, Suite 209<br>Traverse City, MI 49684<br>231-929-8340 | G. GUS MORRIS (P32960)<br>D. RANDALL GILMER (P62407)<br>**McGRAW MORRIS** P.C.<br>Attorney for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI  48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>drgilmer@mcgrawmorris.com |

## JOINT MOTION FOR STAY OF PROCEEDINGS UNTIL PLAINTIFF'S CRIMINAL CHARGES ARE RESOLVED

Now come the Parties, by and through their respective counsel, and for the reasons set forth in this Joint Motion, hereby request that this Court enter a stay of proceedings until such time as the pending criminal charges against Plaintiff arising out of this incident are resolved, either by dismissal, acquittal, or conviction. In further support of this Motion, the Parties state as follows:

    1.    On August 3, 2009, Plaintiff was arrested by Defendant Officer Jason Wolfe.

    2.    Following her arrest, the prosecutor charged Plaintiff with one count of resisting and obstructing a police officer in violation of MCL 750.81d(1). Plaintiff was bound over by the district court. However, the circuit court quashed the information and dismissed the charges.

1

3. Following the charges being dismissed, Plaintiff brought the instant lawsuit, alleging federal claims of excessive force and false arrest, a federal municipal liability claim, and a state tort claim of malicious prosecution (Dkt. 1, Complaint).

4. On January 19, 2012, the Michigan Court of Appeals reversed the circuit court and remanded the case "for reinstatement of the charge" (**Ex. 1 – Court of Appeals Opinion, p. 1**). In reversing the circuit court, the Court of Appeals specifically stated that based on the evidence presented, there

> was sufficient probable cause that defendant physically interfered with Officer Wolfe's attempts to arrest [her grandson], that she assaulted Wolfe, that [Plaintiff] opposed Wolfe as he tried to perform his duties, that she knowingly failed to comply with Wolfe's lawful commands, which were repeatedly given according to the testimony, and that [Plaintiff] knew or had reason to know that Wolfe was a police officer. The evidence support the district court's bindover decision regardless of whether Wolfe was injured, whether defendant had the intent to physically harm the officer, whether she was emotionally upset, or regardless of whether the prosecution could have charged only a misdemeanor.

(*Id.* at 3).

5. Plaintiff, as noted in the Complaint, denies that she resisted and obstructed Officer Wolfe, and continues to believe that the charges were inappropriate. Plaintiff also believes that she will ultimately be acquitted of those charges while Defendants believe that she is likely to be convicted.

6. Despite the parties' disagreement as to how the criminal charges will ultimately be resolved, all parties recognize the impact the pending criminal charges may have on their respective positions with regard to this lawsuit. Therefore, the parties respectfully request that the instant lawsuit be stayed based on the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37; 91 S. Ct. 746; 27 L. Ed. 2d 669 (1971), *Wallace v. Kato*, 548 U.S. 384; 127 S.Ct. 1091;

166 L. Ed. 2d 973 (2007), *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533 (6th Cir. 2001), and *Eidson v. State of Tennessee*, 510 F.3d 631 (6th Cir. 2007).

As noted in *Eidson*, "[e]xcept in extraordinary circumstances federal courts should 'permit state courts to try state cases free from interference by federal courts.'" *Eidson, supra* at 638, *quoting Younger, supra* at 43. "The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings." *Tindall, supra* at 538, *citing Younger, supra* at 37-38 and *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 432; 73 L. Ed. 2d 116; 102 S. Ct. 2515 (1982).

"The Sixth Circuit has held that *Younger* abstention is appropriate '"when the state proceedings (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims."' *Eidson, supra, quoting Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). Here, there can be no question that each of these three prongs have been met and; therefore, this Court, "in accord with common practice," should "stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace, supra, citing Heck v. Humphrey*, 512 U.S. 477, 487 n. 7; 114 S. Ct. 2364; 129 L. Ed. 2d 383 (1994).

Based on the allegations raised by Plaintiff in her complaint, should Plaintiff be convicted of resisting and obstruction or plead to some other lesser included offense, the conviction or plea of guilty may bar Plaintiff's lawsuit in whole or in part pursuant to *Heck*, as any plea or conviction would certainly establish that Officer Wolfe had probable cause to arrest Plaintiff, therefore preventing Plaintiff from recovering on any false arrest or malicious prosecution theory, and could, also impact her excessive force claim. *See See Gumble v. Waterford Twp*, 171

3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE CLAIRE VANDERBERG,

    Plaintiff,

vs.

CITY OF FRANKFORT, FRANKFORT POLICE
CHIEF KEITH REDDER, and FRANKFORT
POLICE OFFICER JASON WOLFE, individually
and officially,

    Defendants.

Case No: 1:11-cv-810

HON. PAUL L. MALONEY

---

**BRIEF IN SUPPORT OF THE PARTIES JOINT MOTION FOR STAY OF PROCEEDINGS UNTIL PLAINTIFF'S CRIMINAL CHARGES ARE RESOLVED**

---

Now come, the parties, by and through their attorneys, and in support of their *Joint Motion for Stay of Proceedings Until Plaintiff's Criminal Charges are Resolved*, hereby incorporate by reference ¶¶ 1-9 of the Joint Motion as if fully set forth herein.

WHEREFORE, for the reasons set forth herein, the Parties respectfully request that this Court enter an Order, staying the proceedings until such time as the pending criminal charges against Plaintiff are resolved.

                              Respectfully submitted by:

| AMBERG, AMBERG & WILLIAMS NORTH, PLLC | **McGRAW MORRIS** P.C. |
|---|---|
| BY: s/ Jesse L. Williams w/permission<br>JESSE L. WILLIAMS (P69264)<br>JAMES W. AMBERG (P68564)<br>Attorneys for Plaintiff<br>161 East Front Street, Suite 209<br>Traverse City, MI 49684<br>231-929-8340<br><br>Dated: March 7, 2012 | BY: s/ G. GUS MORRIS<br>G. GUS MORRIS (P32960)<br>D. RANDALL GILMER (P62407)<br>Attorney for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI  48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com<br>drgilmer@mcgrawmorris.com |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE CLAIRE VANDERBERG,

    Plaintiff,

vs.

CITY OF FRANKFORT, FRANKFORT POLICE
CHIEF KEITH REDDER, and FRANKFORT
POLICE OFFICER JASON WOLFE, individually
and officially,

    Defendants.

Case No: 1:11-cv-810

HON. PAUL L. MALONEY

---

| | |
|---|---|
| JESSE L. WILLIAMS (P69264)<br>JAMES W. AMBERG (P68564)<br>AMBERG, AMBERG & WILLIAMS NORTH, PLLC<br>Attorneys for Plaintiff<br>161 East Front Street, Suite 209<br>Traverse City, MI 49684<br>231-929-8340 | G. GUS MORRIS (P32960)<br>**McGRAW MORRIS** P.C.<br>Attorney for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI 48084<br>(248) 502-4000<br>gmorris@mcgrawmorris.com |

---

### CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2012, I caused to be served a copy of the attached JOINT MOTION FOR STAY OF PROCEEDINGS UNTIL PLAINTIFF'S CRIMINAL CHARGES ARE RESOLVED, upon counsel of record; namely, JESSE L. WILLIAMS, ESQ., 161 East Front Street, Suite 209, Traverse City, Michigan 49684, via the United States District Court ECF System on the aforementioned date.

Respectfully submitted:

**McGRAW MORRIS** p.c.


By: s/ G. GUS MORRIS
G. GUS MORRIS  (P32960)
D. RANDALL GILMER (P62407)
Attorney for Defendants
2075 West Big Beaver Road, Ste. 750
Troy, MI   48084
(248) 502-4000
gmorris@mcgrawmorris.com